UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BILL EUGENE PLOWMAN,

    Plaintiff,

v.                                        Case No. 5:17cv188-MCR-CJK

HODGE, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Before the court is defendants Nobles and Hodge's motion to dismiss (doc. 25) and plaintiff's response in opposition (doc. 27). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions, the undersigned concludes the motion should be granted, and: (1) plaintiff's request for damages against defendants in their official capacity should be dismissed; (2) plaintiff's request for injunctive relief should be dismissed; and (3) plaintiff's request for attorney's fees should be dismissed.

BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently in the custody of the Florida Department of Corrections ("FDOC") at Zephyrhills Correctional

Institution. The amended complaint, the operative pleading, names two employees of Apalachee Correctional Institution ("Apalachee CI") as defendants: Correctional Officer Hodge and Warden Nobles. The complaint sets forth the factual allegations that follow.

On May 21, 2013, plaintiff returned to Apalachee CI's E-Dorm from the law library and learned that defendant Hodge had "announced to the dorm that [plaintiff] 'raped a young girl,' and 'Any one who took care of him would be rewarded.'" Plaintiff filed a grievance about the incident on May 25, and was told the allegations would be investigated. Between May 21 and July 31, Hodge "continued to make threats," and plaintiff worried "constantly about when or where he may be attacked."

On May 25, 2013, Hodge announced to the dorm that 10 days of gain time were being taken from plaintiff "for no reason but [his] conviction." On June 20, plaintiff submitted a formal grievance to defendant Nobles about the actions of Hodge. On July 20, plaintiff received Nobles' response, which indicated plaintiff's gain time for May 2013 had been corrected and Hodge's actions were under investigation.

On June 27, 2013, plaintiff was attacked in the bathroom of E-Dorm "by being struck with a lock." Plaintiff could not identify "the attacker because of the shock he experienced." After having trouble seeing out of his right eye, plaintiff went to the officer's station and informed Hodge "of the attack and the need for medical

treatment." Hodge, however, told plaintiff to get away from the window at the officer's station. Later on June 27, Hodge moved plaintiff from E-Dorm to D-Dorm. Hodge "again told the female officer that '[plaintiff] raped a young girl' and instructed the officer 'not' to allow [plaintiff] medical attention." Plaintiff claims Hodge's statements "promot[ed] retaliation by other officers." After initially being denied access to sick-call forms, plaintiff submitted a sick-call request on July 10. Plaintiff, however, "was not put on the call out to medical."

On July 31, plaintiff "took the opportunity to declare a medical emergency" while Apalachee CI "was conducting a 'mock escape[.]'" On the way to the medical department, plaintiff "was beaten by guards." After an evaluation by medical staff, plaintiff "was transported to Tallahassee Memorial emergency room." Plaintiff "had eye surgery to try to attach his retina" on August 2, but it failed. He is permanently blind in his right eye.

Based on the foregoing, plaintiff alleges defendants Hodge and Nobles violated his rights under the Eighth Amendment. He sued each defendant in their official and individual capacities. As relief, he seeks compensatory damages, punitive damages, "injunctions against the Defendants," and attorney's fees.

Defendants moved to dismiss parts of the complaint, arguing: (1) plaintiff's request for damages against defendants in their official capacity is barred by the

Eleventh Amendment; (2) plaintiff's request for injunctive relief is moot; and (3) plaintiff cannot recover attorney's fees because he is proceeding *pro se*. (Doc. 25).

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). A few exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662,

680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

Defendants first argue they are entitled to immunity under the Eleventh Amendment to the extent they are being sued in their official capacity for damages. The undersigned agrees. *See Melton v. Abston*, 841 F.3d 1207, 1233 (11th Cir. 2016) ("A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity or Congress has abrogated the state's immunity."); *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994)

Case No. 5:17cv188-MCR-CJK

("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court."). Because plaintiff cannot recover damages from defendants in their official capacity, that portion of his request for relief should be dismissed.

Defendants next argue that plaintiff's claim for injunctive relief is moot because plaintiff was transferred away from Apalachee CI and both Hodge and Nobles have retired from the FDOC.* (Docs. 16-20, 25). Because defendants no longer supervise plaintiff, and plaintiff does not claim defendants are in a position to violate his constitutional rights, the request for injunctive relief should be dismissed. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."); *see also Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding inmate's claims for injunctive and declaratory relief relating to conditions at a facility at which inmate was no longer incarcerated were moot); *Wahl*, 773 F.2d at 1173 ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Finally, defendants argue plaintiff's request for attorney's fees is subject to dismissal because plaintiff is proceeding *pro se*. Plaintiff agrees with defendants,

---

* The events described in the complaint took place over four years ago.

Case No. 5:17cv188-MCR-CJK

and his request for attorney's fees should be dismissed. *See Kay v. Ehrler*, 499 U.S. 432 (1991) (holding *pro se* litigant could not be awarded attorney's fees under 42 U.S.C. § 1988).

Accordingly, it is ORDERED:

1. The clerk shall correct the docket to reflect the correct name of the defendant is Hodge.

And it is respectfully RECOMMENDED:

1. That defendants Nobles and Hodge's motion to dismiss (doc. 25) be GRANTED. That plaintiff's claim for injunctive relief and damages against defendants in their official capacity be dismissed. That plaintiff's request for attorney's fees be dismissed.

2. That this matter be referred to the undersigned for further proceedings on plaintiff's Eighth Amendment claim for compensatory and punitive damages against defendants in their individual capacity.

At Pensacola, Florida, this 8th day of May, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 5:17cv188-MCR-CJK